UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02712-FWS-MAR                                      Date: April 23, 2025
Title: Rohit J. Singh v. Next Level ADU Builder and Solar, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                 Attorneys Present for Defendants:

Not Present                                                                 Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE WITH PREJUDICE FOR REPEATED FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

  On December 17, 2024, Plaintiff Rohit J. Singh ("Plaintiff") filed this case alleging that Defendants Next Level ADU Builder and Solar ("ADU"), Marco Gonzalez ("Gonzalez"), and unnamed Does violated 42 U.S.C. Sections 1981 and 1982. (*See generally* Dkt. 1 (Complaint).) On March 19, 2025, the court issued an Order to Show Cause re Dismissal for Lack of Prosecution (the "OSC"), noting that Plaintiff had not yet filed a proof of service on Defendants, even though 90 days had passed since the filing of the Complaint. (Dkt. 11 at 1 (citing, among other authority, Fed. R. Civ. P. 4(m)).) The court set a response deadline of March 21, 2025, and specifically advised that "[f]ailure to file a timely and appropriate response to this Order may result in dismissal without further order or notice from the court." (*Id.*) When Plaintiff filed nothing, on March 25, 2025, the court issued an Order Dismissing Case Without Prejudice for Failure to Prosecute and Comply with Court Order. (Dkt. 12 ("Order Dismissing Case").)

  Plaintiff then filed an *Ex Parte* Application to Set Aside the Order Dismissing Case, in which Plaintiff's counsel explained that ADU was served on January 23, 2025, that Plaintiff had not been able to serve Gonzalez, and that Plaintiff's counsel "had medical problems and family medical issues" "that ha[d] caused a serious backlog in [his] heavy trial and appellate calendar" and which caused counsel to "inadvertently . . . not file the proof of service as to Defendant

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02712-FWS-MAR                                      Date: April 23, 2025
Title: Rohit J. Singh v. Next Level ADU Builder and Solar, *et al.*

___

ADU, and . . . not respond to the Court's OSC." (Dkt. 13 ("Application to Set Aside Order Dismissing Case") at Weiser Decl. ¶¶ 2, 5, 7-11, 15, Exs. A-C.) The court granted the Application to Set Aside Order Dismissing Case, finding that "[o]n balance, in the context of this particular case, . . . the [relevant] factors weigh in favor of finding excusable neglect." (Dkt. 17 ("Order Setting Aside Order Dismissing Case") at 3.) Because Gonzalez was never served, the court reopened the case "for Plaintiff to pursue his claims **against ADU only**." (*Id.*)

In the Order Setting Aside Order Dismissing Case, the court ordered Plaintiff to do two things. First, the court ordered Plaintiff to "file the proof of service as to ADU as a new and separate entry on the docket on or before **April 7, 2025**." (*Id.* (citation omitted).) Plaintiff complied with this order by filing a proof of service on April 7, 2025. (Dkt. 18.) Second, "observ[ing] that because Plaintiff represent[ed] that ADU was served on January 23, 2025, the deadline for ADU to respond to the Complaint ha[d] passed," the court stated that "if Plaintiff wishes to seek default against ADU, the court **ORDERS** that Plaintiff must do so on or before **April 21, 2025.**" (Order Setting Aside Order Dismissing Case at 3.) The court stated that "[f]ailure to file the proof of service as directed, or failure to seek default against ADU or seek other appropriate relief by **April 21, 2025**, will result in dismissal of this action with prejudice without further notice for failure to prosecute and/or comply with a court order," citing authority regarding the court's power to take such action. (*Id.*) Plaintiff did not seek default against ADU by April 21, 2025, as the court ordered. (*See generally* Dkt.)

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

___

**CIVIL MINUTES – GENERAL**                                                                          2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02712-FWS-MAR                                         Date: April 23, 2025
Title: Rohit J. Singh v. Next Level ADU Builder and Solar, *et al.*

     In this case, the court finds these factors support dismissal for a second time due to Plaintiff's failure to prosecute the case and comply with the Order Setting Aside Order Dismissing Case. As to the first factor, "[t]he public's interest in expeditious resolution of litigation *always* favors dismissal." *Id.*

     The court finds the second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff]." *Id.* When a plaintiff fails to seek default or take other action after a defendant fails to file a timely response to the complaint, "the action to come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); *see Keawe v. Dept of Pub. Safety*, 2024 WL 1495085, at *2 (D. Haw. Mar. 15, 2024), *report and recommendation adopted,* 2024 WL 1492630 (D. Haw. Apr. 5, 2024) (dismissing case without prejudice when plaintiff failed to comply with court deadlines to file motion for default judgment, reasoning as to this factor that "the Court's need to manage its docket weighs in favor of dismissal because Plaintiff's failure to comply with the Court's prior orders has interfered with the Court's ability to manage its docket"). Here, Plaintiff's "noncompliance" has become "routine." *Pagtalunan*, 291 F.3d at 642. It has required the court to monitor multiple deadlines and take action when Plaintiff repeatedly failed to meet those deadlines, and therefore "consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* This is the second time the court is dismissing this case for failure to prosecute and/or comply with a court order. (*See* Order Dismissing Case.)

     The court finds the third factor, the risk of prejudice to Defendants, is neutral given that they have been served but not filed a timely response to the Complaint. *Cf. Pagtalunan*, 291 F.3d at 642 ("To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case.").

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02712-FWS-MAR                                Date: April 23, 2025
Title: Rohit J. Singh v. Next Level ADU Builder and Solar, *et al.*

_____

The court finds the fourth factor also favors dismissal because the court has attempted less drastic alternatives, but they have been unsuccessful.  Indeed, the court reopened Plaintiff's case at Plaintiff's request after issuing the Order Dismissing Case, giving Plaintiff ample time to seek default or other appropriate relief as to ADU, and informing Plaintiff clearly that "failure to seek default against ADU or seek other appropriate relief by **April 21, 2025**, will result in dismissal of this action with prejudice without further notice for failure to prosecute and/or comply with a court order."  (Order Setting Aside Order Dismissing Case at 3); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *see also Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *2 (N.D. Cal. Sept. 20, 2010) ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."); *Keawe*, 2024 WL 1495085, at *2 ("Fourth, less drastic sanctions are not appropriate and would be futile given Plaintiff's repeated failure to comply with the Court's prior orders.").

Finally, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims."  *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012).  Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition."  *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)).  Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).  The court finds Plaintiff's repeated failure to timely prosecute this case and comply with court orders lessens the weight of the public policy favoring disposition on the merits.  *See Ewing*, 2012 WL 2138159, at *2.  The court therefore finds this factor is neutral and does not preclude dismissal.

In summary, on balance, the court finds the relevant factors weigh in favor of dismissal. *See Ferdik*, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02712-FWS-MAR               Date: April 23, 2025
Title: Rohit J. Singh v. Next Level ADU Builder and Solar, *et al.*

the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."). Consistent with the court's statement, (Order Setting Aside Order Dismissing Case at 3), this case is therefore **DISMISSED WITH PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal"); *see, e.g.*, *Keawe v. Dept of Pub. Safety*, 2024 WL 1495085, at *2 (D. Haw. Mar. 15, 2024), *report and recommendation adopted,* 2024 WL 1492630 (D. Haw. Apr. 5, 2024) (dismissing case without prejudice when plaintiff failed to comply with court deadline to file motion for default judgment).